**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| RICHARD ERIN GRAY, SR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-232 (MTT) |
| CORY W. MARTIN, et al., | ) |
| Defendants. | ) |

**ORDER**

On August 26, 2016, the Court granted Plaintiff Richard Erin Gray, Sr.'s Motion to Proceed In Forma Pauperis (Doc. 2) and ordered the Plaintiff to amend his complaint. Doc. 10. The Plaintiff was warned that failure to comply with the Court's orders could result in dismissal of his complaint. Doc. 10. The Court later granted the Plaintiff's Motion for Extension of Time to Amend his Complaint (Doc. 11). Doc. 12. The Plaintiff was ordered to file his amended complaint by October 14, 2016. The Plaintiff's Amended Complaint was not filed until October 25, 2016.[1] Rule 41(b) provides that an involuntary dismissal is permitted "[if] the plaintiff fails to prosecute or to comply with . . . a court order." Fed. Rule Civ. P. 41(b). Although the Court must liberally construe pro se pleadings, pro se litigants must still "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Moreover, pursuant to § 1915(e)(2)(B)(ii), the Plaintiff was ordered to amend his complaint to provide a factual and legal basis for his

---

[1] In the caption of his Amended Complaint, the Plaintiff provides the date "Oct. 10th." Doc. 13 at 1. However, the Amended Complaint is post-marked October 18 (Doc. 13-1) and was received by the Court on October 25 (Doc. 13 at 1).

claims or face dismissal. Doc. 10 at 3. Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Rule 12(b)(6).[2] The Plaintiff provides additional factual matter in his Amended Complaint, but, even construing the complaint liberally, the Court cannot find the Plaintiff states a claim for relief. Accordingly, the Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED without prejudice**.

**SO ORDERED,** this13th day of April, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[2] To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.